UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-02054-X |
| | § | |
| JOHN DOE, subscriber assigned IP address | § | |
| 70.123.176.83, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

Case 3:25-cv-02054-X    Document 5-1    Filed 08/12/25    Page 2 of 15    PageID 25

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................... 1

II.    FACTS ......................................................................................................................... 2

   A.    Plaintiff Has A Serious Copyright Infringement Problem .................................... 2

   B.    Plaintiff Brings Its Litigation in Good Faith ........................................................ 3

III.    ARGUMENT ............................................................................................................... 4

   A.    Legal Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant ........................................................................................................ 4

   B.    Good Cause Exists for this Court to Grant Plaintiff's Motion for Leave to Serve Its Subpoena ............................................................................................................... 5

     1.    Plaintiff's Complaint Makes A Prima Facie Claim for Direct Copyright Infringement.. 5

     2.    Plaintiff Identifies the Limited and Specific Information Its Subpoena Seeks That Is Necessary to Serve Doe Defendant.................................................................... 6

     3.    There Are No "Alternative Means" to Uncover Doe Defendant's True Identity ............ 7

     4.    The Subpoenaed Information Is Necessary to Advance Plaintiff's Infringement Claim. 8

     5.    Defendant's Minimum Privacy Interest Is Substantially Outweighed by Plaintiff's Interest in Protecting Its Copyrights from Mass BitTorrent Infringers .......................... 9

   C.    Protective Order ................................................................................................. 10

IV.    CONCLUSION........................................................................................................... 10

**MEMORANDUM OF POINTS AND AUTHORITIES**

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*A&M Records, Inc. v. Napster, Inc.*,
   239 F.3d 1004 (9th Cir. 2001) .................................................................................. 6

*Arista Records, LLC v. Doe 3*,
   604 F.3d 110 (2d Cir. 2010)..................................................................................... 5

*BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,
   881 F.3d 293 (4th Cir. 2018) ................................................................................... 7

*Combat Zone Corp. v. John/Jane Does 1-13*,
   No. CV 3:12-3927-B, 2013 WL 230382 (N.D. Tex. Jan. 22, 2013) ..................... 6, 8

*Combat Zone Corp. v. John/Jane Does 1-5*,
   No. CV 3:12-4005-M, 2012 WL 5289736 (N.D. Tex. Oct. 26, 2012) ..................... 5, 6, 7, 8, 10

*Digital Sin, Inc. v. Does 1–176*,
   279 F.R.D. 239 (S.D.N.Y. 2012) .............................................................................. 8

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340 (1991)................................................................................................. 5

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
   139 S. Ct. 881, 203 L. Ed. 2d 147 (2019) ............................................................... 5

*FUNimation Entm't v. Does 1 - 1,427*,
   No. CV 2:11-269, 2012 WL 12897376 (E.D. Tex. Mar. 16, 2012)......................... 6, 7, 8, 9

*John Wiley & Sons, Inc. v. Doe*,
   284 F.R.D. 185 (S.D.N.Y. 2012) .............................................................................. 6

*Malibu Media, LLC v. Doe*,
   No. CV 17-0485, 2017 WL 3394611 (S.D. Tex. Aug. 8, 2017)............................... 10

*Sony Music Entm't Inc. v. Does 1-40*,
   326 F.Supp.2d 556 (S.D.N.Y. 2004)........................................................................ 9

*Strike 3 Holdings, LLC v. Doe*,
   964 F.3d 1203 (D.C. Cir. 2020)............................................................................... 5

*Strike 3 Holdings, LLC v. Doe*,
   No. 20-5123 (KSM), 2020 WL 6342770 (E.D. Pa. Oct. 29, 2020).......................... 5

*Strike 3 Holdings, LLC v. Doe*,
   No. CV 17-2347 (TJK), 2018 WL 385418 (D.D.C. Jan. 11, 2018)........................... 8

*Studio W. Prods., Inc v. Does 1-237*,
   No. CV 4:12-3690, 2013 WL 12158061 (S.D. Tex. Mar. 11, 2013)........................ 5, 7, 8, 9

*TCYK, LLC v. Does 1-20*,
   No. CV 3:13-3927-L, 2013 WL 6475040 (N.D. Tex. Dec. 10, 2013)...................... 4, 7

*United States v. Bynum*,
   604 F.3d 161 (4th Cir. 2010) ................................................................................... 9

*United States v. Christie*,
   624 F.3d 558 (3d Cir. 2010)..................................................................................... 9

**Page iii**

**MEMORANDUM OF POINTS AND AUTHORITIES**

*United States v. Halgren*,
   No. CR 16-008-XR, 2017 WL 3741558 (W.D. Tex. Aug. 30, 2017) ....................................... 9
*United States v. Perrine*,
   518 F.3d 1196 (10th Cir. 2008) ........................................................................................ 9
*United States v. Weast*,
   811 F.3d 743 (5th Cir.) .................................................................................................... 9
*United States v. Wheelock*,
   772 F.3d 825 (8th Cir. 2014) ........................................................................................... 9

**Statutes**

17 U.S.C. § 106(1) ................................................................................................................ 6
17 U.S.C. § 410(c) ............................................................................................................... 5
457 U.S.C. § 551(c)(2)(B) .................................................................................................. 7

**Other Authorities**

Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The
   Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United
   States House Of Representatives, (January 2011) at
   http://www.justice.gov/sites/default/files/testimonies/witnesses/attachments/01/25/11//01-25-
   11-crm-weinstein-testimony-re-data-retention-as-a-tool-for-investigating-internet-child-
   pornography-and-other-internet-crimes.pdf............................................................................... 2

**Rules**

Fed. R. Civ. P. 26(d)(1)................................................................................................. 1, 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff hereby respectfully submits this Memorandum of Points and Authorities in support of its Motion for Leave to serve a third-party subpoena prior to a Rule 26(f) conference.

## I.    INTRODUCTION

Plaintiff, Strike 3 Holdings, LLC ("Strike 3") is the owner of original, award-winning motion pictures featured on its brands' subscription-based adult websites. Unfortunately, Strike 3's success has led users on the Internet to illegally infringe its works on a very large scale. Indeed, Strike 3's motion pictures are among the most infringed content in the world. *See* Declaration of Jorge Arco, attached hereto as Exhibit "A."

Strike 3, using its proprietary forensic software, VXN Scan ("VXN"), monitored and detected the infringement of Strike 3's content. *See id.* at ¶ 41. VXN discovered that Defendant's IP address was illegally distributing several of Strike 3's motion pictures. *See* Declaration of Patrick Paige, attached hereto as Exhibit "B". This IP address is assigned to Defendant by his or her Internet Service Provider ("ISP"), which is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity. *Id*. at ¶ 28. As a result, Plaintiff now seeks leave to serve limited, immediate discovery on Defendant's ISP, Spectrum (Spectrum) so that Plaintiff may learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service. Further impelling expediency, Defendant's ISP only maintains the internal logs of the requested information for a brief period of time.[1]

---

[1] *See, e.g.*, Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United States House Of Representatives, (January 2011) at

**Page 1**

MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff seeks leave of Court to serve a Rule 45 subpoena on Defendant's ISP.  This subpoena will only demand the true name and address of Defendant.  Plaintiff will only use this information to prosecute the claims made in its Complaint.  Without this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights.

## II.    FACTS

### A.  Plaintiff Has A Serious Copyright Infringement Problem

Strike 3 holds title to the intellectual property associated with the *Blacked*, *Blacked Raw*, *MILFY*, *Slayed*, *Tushy*, *Tushy Raw*, *Vixen*, and *Wifey* adult brands (the "Brands"), including the copyrights to each of the motion pictures distributed through the Brands' sites and the trademarks to each of the Brand's names and logos.  Decl. Arco at ¶ 14.  Strike 3 is owned entirely by General Media Systems ("GMS") and has existed since 2015.  *Id.* at ¶ 9.

Although it started out small, the Brands' websites now host approximately 15 million visitors each month.  *Id.* at ¶ 15.  This success is no fluke.  Strike 3's philosophy has always been to pay artists and models an amount above that being paid by other companies, focusing on delivering superior quality films.  *Id.* at ¶¶ 17–18.  Moreover, Strike 3's motion pictures are known for having some of the highest production budgets of any in the adult industry.  *Id.* at ¶ 20.

Because of this commitment to quality, the websites for the Brands have a subscriber base that is one of the highest of any adult sites in the world.  *Id.* at ¶ 21.  Strike 3 is also frequently the number one seller of adult DVDs in the United States.  *Id.* at ¶ 22.  Finally, Strike 3's content is licensed throughout the world, including by most major cable networks.  *Id.* at ¶ 23.  This success has led to numerous awards being bestowed upon Strike 3, such as "adult site

---

http://www.justice.gov/sites/default/files/testimonies/witnesses/attachments/01/25/11//01-25-11-crm-weinstein-testimony-re-data-retention-as-a-tool-for-investigating-internet-child-pornography-and-other-internet-crimes.pdf, stating: "Some [ISP] records are kept for weeks or months; others are stored very briefly before being purged."

**MEMORANDUM OF POINTS AND AUTHORITIES**

of the year," "best marketing campaign – company image," and "best cinematography." *Id.* at ¶ 24.

Unfortunately, piracy is a major threat and causes tremendous damage to Strike 3, and Strike 3 "can compete in the industry, but [it] cannot compete when [its] content is stolen." *Id.* at ¶ 27. To continue to provide value for members, exciting and inspiring projects for adult performers, and to continue to create top paying jobs and growth in the adult community, Strike 3 must protect its copyrights. *Id.* at ¶ 40.

## B. **Plaintiff Brings Its Litigation in Good Faith**

Strike 3 is mindful of the nature of the litigation and its goal is to not disclose publicly the choices that people make regarding the content they wish to enjoy. Moreover, Strike 3 does not seek to force anyone to settle unwillingly, especially anyone that is innocent. *Id.* at ¶ 34. Therefore, Strike 3 only files strong cases against extreme infringers. *Id.* at ¶ 35. Indeed, each lawsuit is brought against infringers that not only engage in illegal downloading, but are also large scale unauthorized distributors of Strike 3's content. *Id.* Strike 3 does not seek settlements unless initiated by a defendant or a defendant's counsel. *Id.* at ¶ 36. Additionally, Strike 3 does not send demand letters. *Id.* Finally, although certainly Strike 3 does not believe anyone should be embarrassed about enjoying Strike 3's works (they just need to pay for that right, not steal it), Strike 3 respects the desire of defendants to keep private their choices regarding the content they choose to enjoy. Accordingly, Strike 3 has a policy to: (1) enter into confidentiality agreements with defendants to facilitate resolution of a case; and (2) stipulate to requests by defendants to the entry of orders in litigation to maintain the confidentiality of a defendant's identity. Thus, Strike 3 is careful to only proceed to litigation with strong cases, when it has a good faith basis for doing so, and to enforce its rights in a way that is mindful of a defendant's privacy interests.

Page 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

Strike 3 is a successful adult entertainment company that makes nearly all of its revenue from sales of subscriptions, DVDs and licenses. *Id.* at ¶ 38. Strike 3's goal is to deter piracy (and seek redress for its harmful consequences) and direct those who infringe content to the avenue of legitimately acquiring access to Strike 3's works. *Id.*

## III.    ARGUMENT

### A. <u>Legal Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant</u>

"In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining identifying information from a third party, 'the only potential avenue for discovery is [a court order under] Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (citation omitted); *cf. TCYK, LLC v. Does 1-20*, No. 13-3927-L, 2013 WL 6475040, at *1 (N.D. Tex. Dec. 10, 2013) (noting a motion for early discovery to identify a subscriber who infringed copyrights using the BitTorrent is "is not the first of its kind"). Pursuant to Fed. R. Civ. P. 26(d)(1), except for circumstances not applicable here, absent a court order, a party may not propound discovery in advance of a Rule 26(f) conference. Rule 26(b) provides courts with the authority to issue such an order: "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

"Courts have weighed several factors in determining whether such early discovery is appropriate, including: (1) whether the plaintiff makes a prima facie showing of harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the necessity of the subpoenaed information to advance the claim;

**Page 4**

**MEMORANDUM OF POINTS AND AUTHORITIES**

and (5) the user's expectation of privacy."[2] *Combat Zone Corp. v. John/Jane Does 1-5*, No. 12-4005-M, 2012 WL 5289736, at \*1 (N.D. Tex. Oct. 26, 2012) (citation omitted); *accord Studio W. Prods., Inc v. Does 1-237*, No. 12-3690, 2013 WL 12158061, at \*1 (S.D. Tex. Mar. 11, 2013) (citing *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 114 (2d Cir. 2010)). Here, Plaintiff easily satisfies all of these requirements.

###    B.  Good Cause Exists for this Court to Grant Plaintiff's Motion for Leave to Serve Its Subpoena

####    1.  *Plaintiff's Complaint Makes A Prima Facie Claim for Direct Copyright Infringement*

To make a prima facie claim for copyright infringement, Plaintiff must show (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff's Complaint accomplishes this, stating: (1) "Plaintiff is the owner of the Works, which [are] an original work of authorship"; (2) "[d]efendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol";  and (3) "[a]t no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." *See* Complaint at ¶¶ 52–54.

Plaintiff owns a valid copyright in the Works, which are registered with the United States Copyright Office.  *See* 17 U.S.C. § 410(c); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 888, 203 L. Ed. 2d 147 (2019); *see also* Complaint at ¶¶ 46, 49.  Plaintiff's prima facie allegations of infringement are attested to by Mr. Arco, who used Plaintiff's forensic

---

[2] As noted in Court of Appeals for the District of Columbia, the Federal Rules were amended in 2015 to remove the "good cause" standard "and replaced it with the overarching relevance and proportionality standard . . . ." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 n.2 (D.C. Cir. 2020).  Nevertheless, courts "have continued to look to the good cause factors in analyzing motions for expedited discovery." *See Strike 3 Holdings, LLC v. Doe*, No. 20-5123 (KSM), 2020 WL 6342770, at \*1 (E.D. Pa. Oct. 29, 2020).  Strike 3 presents the traditional good cause standard here because several of those factors address the relevance and proportionality of Plaintiff's request, and thus discovery is appropriate under either standard.

**Page 5**

**MEMORANDUM OF POINTS AND AUTHORITIES**

software to track and record BitTorrent activity.  *See* Decl. Arco.  Finally, each digital file has been verified to be a copy of one of Plaintiff's copyrighted Works.  *See* Declaration of Susan B. Stalzer, Exhibit "C."

Plaintiff has also made a plausible prima facie showing of "copying." "'The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights' described in § 106." *A&M Records, Inc. v. Napster, Inc*., 239 F.3d 1004, 1013 (9th Cir. 2001). Plaintiff's Complaint alleges that Doe not only downloaded Plaintiff's works over the BitTorrent network, *see* 17 U.S.C. § 106(1), but also distributed these files to the BitTorrent swarm.  *See id.* § 106(3); *see also* Complaint at ¶ 47.  Thus, Plaintiff "has made a prima facie showing of copyright infringement by alleging that it owns the copyright at issue and that Defendants made unauthorized reproductions of those works and distributed them without [Plaintiff's] authorization." *Combat Zone Corp.*, No. 12-4005-M, 2012 WL 5289736 at *1.

### 2. *Plaintiff Identifies the Limited and Specific Information Its Subpoena Seeks That Is Necessary to Serve Doe Defendant*

Plaintiff's subpoena is limited and only "seeks concrete and narrow information: the name and address of the subscriber associated with [Doe Defendant's] IP address . . . ." *John Wiley & Sons, Inc. v. Doe*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012). "Plaintiff's discovery request is sufficiently specific to establish a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court." *FUNimation Entm't v. Does 1 - 1,427*, No. 11-269, 2012 WL 12897376, at *2 (E.D. Tex. Mar. 16, 2012); *see Combat Zone Corp. v. John/Jane Does 1-5*, No. 12-4005-M, 2012 WL 5289736, at *1 (N.D. Tex. Oct. 26, 2012) ("The information sought is specific."); *Combat Zone Corp. v. John/Jane Does 1-13*, No. 12-3927-B, 2013 WL 230382, at *5 (N.D. Tex. Jan. 22, 2013) (finding a subpoena limited to identifying an infringer "satisfies the second factor"). "The identifying information would enable Plaintiff to serve process on

**Page 6**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants." *FUNimation Entm't*, No. 11-269, 2012 WL 12897376 at *2. Hence the second factor weighs in Plaintiff's favor.

### 3. There Are No "Alternative Means" to Uncover Doe Defendant's True Identity

At this early stage in litigation, Plaintiff has a limited view into Defendant's true identity, only having access to the offending IP address. People using the Internet are anonymous to the public, but the ISPs responsible for assigning any given IP address "know who an address is assigned to and how to get in contact with them."[3] ISPs' records "are the only available evidence that allows us to investigate who committed crimes on the Internet. They may be the only way to learn, for example, that a certain Internet address was used by a particular human being to engage in or facilitate a criminal offense."[4]

Since there is no public registry of what IP addresses correspond to which subscribers, Plaintiff's subpoena is necessary to advancing litigation. *See* Exhibit "C" ("[A] subpoena to an ISP is consistently used by civil plaintiffs and law enforcement to identify a subscriber of an IP address."); *BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 299 (4th Cir. 2018) (noting "only the ISP can match the IP address to the subscriber's identity"); *see also Studio W. Prods.*, No. 12-3690, 2013 WL 12158061 at *2 ("ISPs can identify each Defendant by name through the IP address by reviewing its subscriber activity logs."). "Indeed, the Cable Privacy Act prohibits cable operators, which includes the ISPs identified here, from disclosing subscribers' personal information without their consent or a court order." *Combat Zone Corp.*, No. 12-4005-M, 2012 WL 5289736 at *2 (citing 457 U.S.C. § 551(c)(2)(B)); *see TCYK, LLC*, No. 13-3927-L, 2013 WL 6475040 at *2 ("Plaintiff alleges that it has obtained all the

---

[3] *Beginner's Guide to Internet Protocol (IP) Addresses* at p. 4, available at https://www.icann.org/en/system/files/files/ip-addresses-beginners-guide-04mar11-en.pdf.; *American Registry for Internet Numbers Number Resource Policy Manual* at 4.2, available at https://www.arin.net/policy/nrpm.html#four2.

[4] Statement from Jason Weinstein, n.2, *supra*.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Page 7**

information that it can through informal discovery."). "Without this Order, therefore, there does not seem to be any way for Combat Zone to identify the Defendants and, thus, to properly serve them." *Combat Zone Corp.*, No. 12-4005-M, 2012 WL 5289736, at *2.

### 4. The Subpoenaed Information Is Necessary to Advance Plaintiff's Infringement Claim

"Plaintiff has also demonstrated that the subpoenaed information is centrally needed for it to advance its copyright infringement claims. Ascertaining the identities and residences of the Defendant[] is critical to Plaintiff's ability to pursue litigation, for without this information, Plaintiff will be unable to serve process." *FUNimation Entm't*, No. 11-269, 2012 WL 12897376 at *2; *Strike 3 Holdings, LLC v. Doe*, No. 17-2347 (TJK), 2018 WL 385418, at *2 (D.D.C. Jan. 11, 2018) (finding "this suit cannot move forward without Plaintiff first being able to identify Defendant so that service can be effected"). "Furthermore, a subpoena is appropriate because ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. Once that information is erased, Plaintiff will have no ability to identify the Doe Defendants and will be unable to advance its claim." *Studio W. Prods., Inc*, No. 12-3690, 2013 WL 12158061 at *2.

"Plaintiff cannot proceed with claims without the discovery requested because the ISPs are the only entities that can identify the otherwise anonymous Defendants." *Id.* "In fact, a court that conducted an extensive survey of similar motions to expedite discovery found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers. Thus, without granting Plaintiff's request, the defendants cannot be identified . . . and litigation cannot proceed." *Combat Zone Corp*, No. 12-3927-B, 2013 WL 230382 at *5 (citing *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 241–42 (S.D.N.Y. 2012) (internal quotations omitted)).

**Page 8**

**MEMORANDUM OF POINTS AND AUTHORITIES**

### 5. *Defendant's Minimum Privacy Interest Is Substantially Outweighed by Plaintiff's Interest in Protecting Its Copyrights from Mass BitTorrent Infringers*

The Fifth Circuit has recently held that information attached to an anonymous user's IP address or peer-to-peer (like BitTorrent) activity do not engender a privacy interest. *See United States v. Weast*, 811 F.3d 743, 747–48 (5th Cir.), *cert. denied,* 137 S. Ct. 126, 196 L. Ed. 2d 99 (2016). When a party "voluntarily share[s] all of the information at issue in this case" and "broadcast[s] his [or her] IP address far and wide in the course of normal internet use, [and makes] files and related data publicly available by downloading them into a shared folder accessible through a peer-to-peer network[:] Such behavior eliminates any reasonable expectation of privacy in the information . . . ." *Id.*

The *Weast* court also noted the growing jurisprudence in the Circuit Court of Appeals that "other courts have consistently held that Fourth Amendment protections do not extend to data shared through peer-to-peer networks." *Id.* at 747 (citing *United States v. Christie*, 624 F.3d 558, 573 (3d Cir. 2010); *United States v. Perrine*, 518 F.3d 1196, 1204 (10th Cir. 2008); *United States v. Wheelock*, 772 F.3d 825, 828 (8th Cir. 2014); *United States v. Bynum*, 604 F.3d 161, 164 (4th Cir. 2010)). "Given that the Defendant's IP address was required to be disclosed to various third parties . . . to access the website, any subjective expectation of privacy the Defendant may have possessed was not objectively reasonable." *United States v. Halgren*, No. CR 16-008-XR, 2017 WL 3741558, at *3 (W.D. Tex. Aug. 30, 2017) (citing *Weast*, 811 F.3d at 747). That is, "there is no constitutional right—under the First Amendment[5] or the right to

---

[5] In evaluating the fifth factor, some courts have treated Doe Defendant's privacy interest concurrently or equivalently to his or her First Amendment interest in anonymous speech. *See e.g.*, *Studio W. Prods., Inc v. Does 1-237*, No. 12-3690, 2013 WL 12158061, at *3 (S.D. Tex. Mar. 11, 2013) ("Defendants' First Amendment rights to anonymity do not preclude disclosure of identifying information") (citation omitted). "However, anonymous speech does not protect copyright infringement, and [Defendant] may not use the First Amendment to encroach upon the intellectual property rights of others." *FUNimation Entm't v. Does 1 - 1,427*, No. 11-269, 2012 WL 12897376, at *2 (E.D. Tex. Mar. 16, 2012) (citing *Sony Music Entm't Inc. v. Does 1-40*, 326 F.Supp.2d 556, 563 (S.D.N.Y. 2004)

**Page 9**

**MEMORANDUM OF POINTS AND AUTHORITIES**

privacy—to anonymously engage in copyright infringement." *Malibu Media, LLC v. Doe*, No. 17-0485, 2017 WL 3394611, at *2 (S.D. Tex. Aug. 8, 2017) (denying defendant's motion to quash a plaintiff's subpoena in a similar copyright BitTorrent litigation) (citation omitted). Thus, all five factors weigh in favor of granting Plaintiff's Motion for Leave.

### C. <u>Protective Order</u>

Previously, this Court has found it appropriate to issue a protective order for Does to safeguard the early discovery process. *See e.g.*, *Combat Zone Corp. v. John/Jane Does 1-5*, No. 12-4005-M, 2012 WL 5289736 at *2. Strike 3 respectfully encourages the Court to establish such procedures here.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant leave to Plaintiff to issue a Rule 45 subpoena to Defendant's ISP.

Dated: 08/12/2025                                    Respectfully submitted,

                                                     By:  */s/ Paul S. Beik*
                                                          PAUL S. BEIK
                                                          Texas Bar No. 24054444
                                                          BEIK LAW FIRM, PLLC
                                                          917 Franklin Street, Suite 220
                                                          Houston, Texas  77002
                                                          T: 713-869-6975
                                                          F: 713-583-9169
                                                          E-mail: paul@beiklaw.com

                                                          MATTHEW J. KITA
                                                          Texas Bar No. 24050883
                                                          3110 Webb Avenue, Suite 150
                                                          Dallas, TX 75205
                                                          T: (214) 699-1863
                                                          E-mail: matt@mattkita.com

                                                          **ATTORNEYS FOR PLAINTIFF**
                                                          **STRIKE 3 HOLDINGS, LLC**

---

(citations omitted)). "Defendants' First Amendment right to remain anonymous must give way to Plaintiff's right to use the judicial process to pursue what appear to be meritorious copyright infringement claims." *Id.* at *3.

**MEMORANDUM OF POINTS AND AUTHORITIES**                                    **Page 10**

## Certificate of Non-Conferral

Because Plaintiff does not at this time know the identity of Doe Defendant, Plaintiff was unable to confer with Defendant or his or her counsel regarding the present Motion.

/s/ Paul S. Beik

**MEMORANDUM OF POINTS AND AUTHORITIES**